## In re SCHEFER et al.

### (Circuit Court, S. D. New York. January 8, 1892.)

1. CUSTOMS DUTIES—ADMINISTRATIVE CUSTOMS ACT OF JUNE 10, 1890—PROTEST.
   A protest against appraisements made of imported merchandise in accordance with section 2911, Rev. St. U. S., raises, within the meaning of section 15 of the administrative customs act of June 10, 1890, (26 St. p. 131,) a question as to the construction of the law and the facts respecting the classification of such merchandise, and the rate of duty imposed thereon under such classification.

2. SAME—REPEAL OF STATUTE.
   Section 2911, Rev. St., was not repealed by section 10 of the administrative customs act, but is still in force.

At Law.

During September, 1890, Schefer, Schramm & Vogel imported from a foreign country into the United States at the port of New York certain merchandise consisting of cotton hosiery and skirts of similar kind, but different quality, and charged at an average price. The local appraiser at that port, in appraising the value of this merchandise, applied the principle laid down in section 2911, Rev. St. U. S., which reads as follows:

"Whenever articles composed wholly or in part of wool or cotton, of similar kind, but different quality, are found in the same package, charged at an average price, it shall be the duty of the appraisers to adopt the value of the best article contained in such package, and so charged as the average value of the whole."

Within the time specified in section 13 of the administrative customs act of June 10, 1890, (26 St. U. S. p. 131, c. 407,) the importers gave notice in writing to the collector of that port of their dissatisfaction with the appraisement made by the local appraiser, and, pursuant to the directions of the collector, a reappraisement was made by one of the United States general appraisers, who sustained the decision of the local appraiser in appraising the value as aforesaid. Thereafter the importers

duly gave notice in writing of their dissatisfaction with this reappraisement to the collector, who thereupon transmitted the invoice of the merchandise in question, and all the papers appertaining thereto, to a board of three United States general appraisers, who, after an examination of the case, decided the value appraised as aforesaid was the dutiable value according to law. Upon this value, the collector then levied and exacted duties at the rate prescribed by law on the merchandise in question. Within 10 days after the exaction of these duties, as prescribed in section 14 of the administrative customs act, the importers duly protested, as follows:

"We claim that the said merchandise is not dutiable under section 2911 of the Revised Statutes, under which section the said goods have been classified for duty, but that the same are dutiable only under those provisions of existing laws which require that all goods subject to *ad valorem* duty shall be appraised and reappraised according to the actual market value and wholesale price of the merchandise at the time of exportation to the United States in the principal markets of the country whence the same have been imported. We claim that the general appraiser who first appraised said goods, and the board of general appraisers who afterwards reappraised said goods on appeal, instead of reappraising them according to said actual market value or wholesale price in the principal markets of the country of exportation, reappraised the same according to the provisions of section 2911 of the Revised Statutes, which is now, and has long been, obsolete, it having been a portion of the tariff act of 1832, which was repealed by the later acts of 1842, and others following the same up to the present time. We claim that said reappraisers, discovering the fact that said merchandise was composed in part of cotton or wool, charged at an average price, supposed that it was their duty to adopt the value of the best article contained in each package, and so charged, as the average value of the whole, thus classifying the goods as subject to a section or provision of the Revised Statutes long since obsolete."

*Alexander P. Ketchum*, for importers, contended:

(1) That section 10 of the administrative customs act provided that it should be the duty of the appraisers, by all reasonable ways and means in their power, to ascertain, estimate, and appraise (any invoice or affidavit thereto or to the contrary notwithstanding) the actual market value and wholesale price, etc., of the merchandise in suit. (2) That section 19 of the same act provided that duty should be assessed upon the actual market value or wholesale price of said merchandise. (3) That the appraisement under section 2911, Rev. St., of the merchandise in suit, obtained a higher value than such market value or wholesale price, and a duty exacted on the higher value so obtained was greater than the duty would have been if exacted on such market value or wholesale price. (4) That section 2911, Rev. St., therefore, was inconsistent with said section 10, and was, under section 29 of the administrative customs act, repealed thereby.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for collector, contended:

(1) That section 15 of the administrative customs act, having given the court jurisdiction only as to classification of merchandise and the rate of duty imposed thereon, and there being no question raised or capable of being raised in this case as to classification or rate of duty by the protest or by the facts before the court, the court had no jurisdiction of this case, involving, as it did, only the appraisement of value heretofore determined, and by section 13

of the same act made final and conclusive. (2) That section 2911, Rev. St., which, under section 5595, Rev. St., was certainly the law of the land after the passage of the Revised Statutes until the passage of the administrative customs act, was omitted from the list of sections of the Revised Statutes specifically enumerated in section 29 thereof as repealed by that act, and was, therefore, presumably not repealed or intended to be repealed. (3) That section 10 of the administrative customs act was a re-enactment, without change of meaning, of section 2902, Rev. St. (4) That section 2911, Rev. St., evidently was, as to the kind of merchandise in suit, in the nature of an exception to section 2902, Rev. St., and these two sections, so construed, were entirely consistent. (5) That said section 10 and section 2911, Rev. St., were to be construed in the same manner as sections 2902 and 2911, Rev. St., and that section 2911, Rev. St., was not, therefore, inconsistent with said section 10, and was not repealed by it.

WHEELER, District Judge. The first point is as to whether the protest raised the question as to the effect of section 2911 of the Revised Statutes. Section 15 of the administrative customs act, as to appeals to the circuit court, provides that if the importer, consignee, or agent for the importer, or the collector, or secretary shall be dissatisfied with the decision of the board of general appraisers, as provided for in section 14 of this act, as to the construction of the law and the facts respecting the classification of such merchandise, and the rate of duty imposed under such classification, they, or either of them, may, within 30 days next after such decision, appeal to the circuit court of the United States. This question, under section 2911, Rev. St., would directly relate to the duty imposed there, and to a decision under the law and the facts respecting that; so the question would seem to be raised by this protest. The question as to whether section 2911 is still in force and can be carried out rests upon whether it is consistent with, and can be carried out with, the provisions of section 10 of the administrative customs act. I think it can be, because section 2911 merely provides what sample is to be taken for appraisal, the same as the section as to sending one parcel in ten or one case in ten to be examined. It merely provides what shall be taken for examination, instead of taking an average of the goods of the same class, of different values, mixed together. When that sample is taken, then all the other provisions of the law are to be followed as to that. I think the intention of the law was that the appraisals should not be made on an average, but should be of a definite thing, a sample, the best in the lot, to be gone by. Section 2911 and section 2902 stood in the Revised Statutes together, and could be enforced together; and there is no more difference between section 2911 and section 10 of the administrative customs act, in these respects, than there was between section 2911 and section 2902 of the Revised Statutes. They can stand together in either case, and be enforced. The decision of the board of general appraisers is therefore affirmed.